IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMIRO LEON, JR.,

    Petitioner,               No. 2:12-cv-2559 JAM KJN P

    vs.

RON BARNES,

    Respondent.           ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel or "pro se", has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The filing fee was paid on November 13, 2012.

        On November 26, 2012, petitioner filed a motion to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        In a letter filed October 12, 2012, petitioner concedes that the instant petition is a mixed petition; that is, petitioner exhausted his state court remedies as to ground one, but has not yet exhausted the other six grounds. (Dkt. No. 2.) Petitioner claims that his state court petition is still pending in the Yolo County Superior Court. (Id.) Petitioner states that the statute of

1

limitations deadline would expire October 9, 2012, absent tolling, and asks the court to stay this action pending exhaustion of the claims presently pending in state court.

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court held that a district court is permitted to stay a mixed petition – a petition containing both exhausted and unexhausted claims – in "limited circumstances," so that a petitioner may present his unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. 544 U.S. at 273-75, 277-78. The "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Under Rhines, a district court must stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Id. at 278; King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). In Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), the Supreme Court approved the filing of "protective petitions":

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus that his federal habeas petition is time barred. Brief for Petition 30. A prisoner seeking post conviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 1531 (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

Pace, 544 U.S. at 416.

Here, the court is unable to determine whether petitioner is entitled to a stay under Rhines. Petitioner has not addressed Rhines. The record does not reflect when the first claim was exhausted. Petitioner does not explain why the first ground is exhausted, but the remaining six grounds are not exhausted. It is unclear what claims are pending in the Yolo County Superior

Court; that is, whether the pending superior court petition contains the remaining six grounds.

Accordingly, petitioner's request for stay, contained in the October 12, 2012 letter, is denied without prejudice. Petitioner is granted thirty days in which to file a motion for stay under <u>Rhines</u>, in which he addresses the three prongs set forth above. <u>Id.</u>, 544 U.S. at 277-78. Petitioner is cautioned that failure to timely file the motion for stay will result in an order dismissing the petition with leave to file an amended petition including only the exhausted claim for relief.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. Petitioner's October 12, 2012 request for stay (dkt. no. 2) is denied without prejudice; and

3. Within thirty days from the date of this order, petitioner shall file a motion for stay under <u>Rhines</u>.

DATED: January 7, 2013

                 /s/ Kendall J. Newman  
                 KENDALL J. NEWMAN  
                 UNITED STATES MAGISTRATE JUDGE

leon2559.fb

---

[1] Petitioner is cautioned that if this action proceeds on an amended petition raising only the exhausted claim, petitioner will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991); <u>see also</u> <u>Rose</u>, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).