IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMIRO LEON, JR.,

    Petitioner,               No. 2:12-cv-2559 JAM KJN P

    vs.

RON BARNES,                  ORDER AND

    Respondents.         FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    This action is proceeding on the original petition filed October 12, 2012. Petitioner raises seven claims: 1) insufficient evidence; 2) jury instruction error (two claims); 3) prosecutorial misconduct; 4) cumulative error; 5) ineffective assistance of appellate counsel; 6) ineffective assistance of trial counsel.

    Pending before the court is petitioner's January 28, 2013 motion to stay this action pending exhaustion of unexhausted claims. For the following reasons, the undersigned recommends that this motion be granted as to all unexhausted claims except for the ineffective assistance of trial counsel claim.

1

II. Motion to Stay

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the United States Supreme Court held that a district court is permitted to stay a mixed petition – a petition containing both exhausted and unexhausted claims – in "limited circumstances," so that a petitioner may present his unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. 544 U.S. at 273-75, 277-78. The "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id.</u> at 277. Under <u>Rhines</u>, a district court must stay a mixed petition only if (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. <u>Id.</u> at 278; <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009). In <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416 (2005), the Supreme Court approved the filing of "protective petitions":

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end he was never 'properly filed,'" and thus that his federal habeas petition is time barred. Brief for Petition 30. A prisoner seeking post conviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528, 1531 (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

<u>Pace</u>, 544 U.S. at 416.

In the pending motion to stay, petitioner states that only claim one, alleging insufficient evidence, is exhausted. Petitioner alleges that he has a habeas corpus petition pending in the Yolo County Superior Court raising all of the other claims raised in the instant petition except for his ineffective assistance of counsel claim.

Turning to the issue of good cause, petitioner argues that appellate counsel's failure to raise his unexhausted claims, against petitioner's wishes, constitutes good cause for his

failure to exhaust these claims.

In Rhines, the Supreme Court did not explain what showing would satisfy the requirement that a habeas petitioner demonstrate "good cause" for a prior failure to exhaust. Following Rhines, the Ninth Circuit opined that "good cause" for failure to exhaust requires something less than "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 662 (9th Cir. 2005). The Ninth Circuit provided additional guidance in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008).

In Wooten, the petitioner argued that he had good cause for his failure to exhaust because he was under the impression that counsel raised all issues from his California Court of Appeal petition in his petition before the California Supreme Court. Id. at 1024. In rejecting that argument, the Ninth Circuit explained that although good cause does not require extraordinary circumstances, it must be interpreted in light of the Supreme Court's instruction in Rhines that district courts should only stay mixed petitions in limited circumstances. Id. at 1023–24. The Court found that accepting the petitioner's reason for his failure to exhaust as good cause would make stay and abey orders routine. Id.

> Indeed, if the court was willing to stay mixed petitions based on petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petition, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'

Wooten at 1024.

In declining to adopt a "broad interpretation" of good cause, the Court moved away from the more liberal standards previously enunciated by some district courts, and re-emphasized that motions to stay and abey should only be granted in "limited circumstances." Compare id. (finding lack of good cause when petitioner mistakenly believed his attorney exhausted all claims) with Riner v. Crawford, 415 F.Supp.2d 1207, 1211 (D.Nev. 2006) (stating good cause may be found when a petitioner shows "he was prevented from raising the claims,

3

either by his own ignorance or confusion about the law or the status of his case").

In the instant case, petitioner argues that appellate counsel did not raise his unexhausted claims against petitioner's wishes. As in <u>Wooten</u>, every habeas petitioner represented by counsel could argue that appellate counsel's failure to raise claims against his wishes constituted good cause. <u>Hernandez v. California</u>, 2010 WL 1854416 at * 2 (N.D. Cal. May 6, 2010) (finding appellate counsel's refusal to present claims on appeal is common occurrence of everyone with unexhausted claims). If petitioner wanted to raise his claims and appellate counsel disagreed with petitioner, petitioner could have raised these claims at that time. For these reasons, appellate counsel's failure to raise claims in contravention of petitioner's wishes does not constitute good cause. <u>Gray v. Ryan</u>, 2010 WL 4976953 at * 4 (S.D.Cal. 2010) (appellate counsel's failure to raise claims against petitioner's wishes is not good cause).

In his motion to stay, petitioner also argues that his reasonable confusion regarding whether his state petitions will be found timely constitutes good cause for his filing of a protective petition. In support of this argument, petitioner states that the California Supreme Court denied his petition for review on July 13, 2011. Petitioner states that his conviction became final 90 days later on October 11, 2011. Petitioner states that he had one year from that date to file a timely federal petition. Pursuant to the mail box rule, this action was filed on October 9, 2012. According to the information in the petition, the instant action is timely.

Petitioner alleges that on July 12, 2012, he filed a habeas corpus petition in the Yolo County Superior Court raising all of his unexhausted claims except for the ineffective assistance of counsel claim. This petition is still pending in the Superior Court. Petitioner alleges that, based on the Superior Court's delay in ruling on his petition, he is reasonably confused as to whether the Superior Court or higher state courts will find his state petitions timely. The undersigned finds that petitioner's reasonable confusion regarding whether the state courts will find his habeas petitions timely constitutes good cause to file a protective petition under <u>Pace</u>, 544 U.S. at 416, as to all of his claims except for the ineffective assistance of counsel

4

1 claim. Because petitioner's ineffective assistance of counsel claim is not raised in the habeas
2 petition pending in the Yolo County Superior Court, petitioner has not demonstrated good cause
3 as to this claim.
4       Turning to the other two Rhines factors, it appears that the unexhausted claims are
5 potentially meritorious. As to all of the unexhausted claims except for the ineffective assistance
6 of counsel claim, there is no indication that petitioner intentionally engaged in dilatory litigation
7 tactics. Because petitioner did not raise his ineffective assistance of counsel claim in the petition
8 pending in the Yolo County Superior Court, the undersigned cannot determine whether he
9 engaged in dilatory litigation tactics as to this claim.
10       For the reasons, discussed above, the undersigned recommends that petitioner's
11 motion to stay be granted except for his ineffective assistance of counsel claim.
12       Finally, petitioner has requested the appointment of counsel. There currently
13 exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner,
14 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of
15 counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R.
16 Governing § 2254 Cases. In the present case, the court does not find that the interests of justice
17 would be served by the appointment of counsel at the present time.
18       Accordingly, IT IS HEREBY ORDERED that petitioner's February 15, 2013
19 motion for appointment of counsel (Dkt. No. 10) is denied without prejudice to a renewal of the
20 motion at a later stage of the proceedings;
21       IT IS HEREBY RECOMMENDED that petitioner's motion to stay (Dkt. No. 9)
22 be granted except for petitioner's ineffective assistance of counsel claim; the ineffective
23 assistance of counsel claim should be stricken from the petition.
24 ////
25 ////
26 ////

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 5, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

leon2559.157